[No. 1,066.]

THE STATE OF NEVADA, EX REL. J. P. FLANNING-HAM, *v.* BOARD OF COUNTY COMMISSIONERS OF STOREY COUNTY, RESPONDENT.

SECTION 17 OF SALARY ACT (STAT. 1879, 136) CONSTRUED—SALARY OF JUSTICE OF THE PEACE.—*Held*, that under section 17 of the salary act the right of every justice of the peace, elected or appointed after the act took effect, to salary or fees, should be determined by reference to the number of legal votes cast at the last general election preceding the time when the claim for his salary is preferred.

APPLICATION for writ of mandamus.

The facts are stated in the opinion.

*Lewis & Deal,* for Relator.

*Ogden Hiles,* District Attorney of Storey county, for Respondent.

By the Court, Hawley, J.:

Relator was elected justice of the peace for township No. 3, in Storey county, at the general election held on the second day of November, A. D. 1880, and claims that he is entitled to a salary of three hundred dollars per month under the provisions of section 17 of the "act fixing the salaries of the various county officers." (Stats. 1879, 136.) His petition shows that at the general election held November 4, 1878, there were cast in said precinct one thousand five hundred and three votes, and at the general election of 1880 one thousand one hundred and fourteen votes.

The first section of the act provides that "from and after the first Monday in January, 1881, the following-named officers of the several counties in this state shall receive the following annual salaries, which shall be in full for all services and all *ex officio* services required of them."

Section 17 reads as follows: "Every justice of the peace, in any township in this state, wherein the number of legal votes cast at the last general election equals or exceeds the number of one thousand five hundred, shall receive as salary the sum of three thousand six hundred dollars per annum. * * *" Relator claims that the words "last general election" refer to the general election held in 1878, which was the last general election with reference to the time when the act was passed and approved. Respondent contends that the words refer to the last general election preceding the time when the justice assumed the duties of the office.

What was the intention of the legislature? Looking at the whole act, its object, scope, and extent, and especially to the benefits that it was evidently supposed the public were to receive therefrom, we think it is clear that the leg-

islature did not intend to make the votes cast at the general election of 1878 a test for determining the right of every justice of the peace to the salary provided for by section 17.

We are of opinion that it was the intention of the legislature that the right of every justice of the peace elected or appointed after the act took effect should be determined by reference to the number of legal votes cast at the last general election preceding the time when the claim for his salary is preferred.    The petition does not state facts sufficient to entitle relator to the salary.

His application for the writ of mandamus is denied.